United States District Court
Southern District of Texas
**ENTERED**
January 18, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| WILLIAM DEXTER WHITE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:14-CV-333 |
| § | |
| CEILAI RNC OKEYE, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER TO REOPEN

This prisoner civil rights case is an offshoot of a decade-long case from the Tyler Division of the Eastern District of Texas. The plaintiff, William Dexter White, filed a complaint under 42 U.S.C. § 1983 in the Eastern District; and Judge Mitchell severed claims against a host of defendants and transferred them here (Dkt. 1). White's filings in this Court have generally been very difficult to comprehend, and the Court dismissed this case without prejudice after White failed to provide a short, plain statement of his claims in response to Judge Hoyt's order to clarify his pleadings. White has filed a motion asking the Court to reconsider the dismissal. The Court will reopen the case but will split it into two cases and require White to pay two filing fees.

The Court has reviewed White's motion for reconsideration and has looked for a second time at the voluminous case files from the Eastern District (as well as the available files from White's three appeals to the Fifth Circuit stemming from the Eastern District litigation). It is now clear that one reason the Court has had trouble understanding White's pleadings is that White has included what should be multiple lawsuits in one

complaint. In his motion for reconsideration, White provides descriptions of three events: (1) an assault by "numerous black officers[;]" (2) another assault, this one by an African-American inmate; and (3) inadequate medical treatment for "his crush [sic] left cheek" (Dkt. 24 at pp. 2–3). The Court has been able to link these descriptions to Judge Mitchell's discussions of: (1) an alleged assault by three correctional officers (these are the defendants named Nix, Mayes, and Cooper) on April 29, 2003; (2) a claim that the Darrington Unit classification committee (which included the defendants named Dodson, O'Guinn, Ballie, Horn, Weston, and Velasquez) refused to place White on safekeeping status after his transfer from the Michael Unit, which facilitated an assault by an African-American inmate in September 2004; and (3) a claim that White was denied adequate medical care (by defendants Okeye, Murray, Smock, and John Doe doctor) for injuries sustained during the September 2004 assault. *See* Eastern District of Texas Case Number 6:05-CV-26 at Dkt. 248 p. 2.

The two assaults are unrelated to each other. Moreover, the alleged denial of medical care, while tangentially related to the September 2004 assault, states a different claim against a different set of defendants. In other words, this lawsuit is actually at least two lawsuits, if not three. An attempt to file multiple lawsuits in one complaint violates Federal Rules of Civil Procedure 18 and 20, which set out the limits on joinder of claims and parties. The Fifth Circuit has discouraged the "creative joinder of actions" by prisoners attempting to circumvent the fee-payment and three-strikes provisions of the Prison Litigation Reform Act. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998); *see also, e.g., Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 WL

1159767 (E.D. Tex. Mar. 29, 2017) (severing prisoner lawsuit consisting of unrelated claims into three separate cases); *Nelson v. Francis*, No. 2:02-CV-347, 2003 WL 21766528 (N.D. Tex. July 29, 2003) (severing prisoner lawsuit consisting of unrelated claims into seven separate cases). The Court will reopen the lawsuit, but it will not allow White to pursue all of these claims without paying all of the required fees.

Based on the foregoing, the Court **ORDERS** as follows:

1. White's motion for leave to file an untimely motion to reopen (Dkt. 23) and motion to reopen (Dkt. 24) are **GRANTED** to the extent described in this order.

2. This case is **SEVERED** into two separate lawsuits. The first lawsuit, which will carry this case number, will consist of the excessive-force claims against Defendants Howard Nix, Keith Mayes, and Shelton Cooper. The second lawsuit will carry a case number assigned by the District Clerk and will consist of: (1) the failure-to-protect claims against Defendants V. Dodson, J. O'Guinn, Susan Ballie, B. Horn, Herman Weston, and A. Velasquez; and (2) the failure-to-treat claims against Defendants Ceilai Okeye, Owen Murray, Steven Smock, and John Doe doctor. To the extent that White's pleadings attempt to state other claims, those claims are not reopened.

3. **Within 30 days of the date of this order**, White must either pay the full filing fee or apply for leave to proceed *in forma pauperis* **IN EACH LAWSUIT**. Failure to do so in either lawsuit will result in the dismissal of that lawsuit. If applying for leave to proceed *in forma pauperis*, White must include a certified copy of his inmate trust fund account history containing the deposits and monthly balances for the six-month period immediately preceding the entry of this order to reopen. If White only wishes to pursue one of the lawsuits, he must include with the *in forma pauperis* application a brief statement clarifying to which lawsuit the application pertains.

The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide to the plaintiff two copies of the standard application for leave to proceed *in forma pauperis*.

SIGNED at Galveston, Texas, this 18th day of January, 2018.

George C. Hanks Jr.
United States District Judge